JUAN JOSÉ PEÑA, Petitioner and Appellee, *v.* MUNICIPAL ASSEMBLY OF SANTA ISABEL, Respondent and Appellant.

No. 5069.   Argued November 19, 1930.—Decided November 28, 1930.

*L. Tormes* for appellant.   *T. Bernardini de la Huerta* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The clerk of the District Court of Guayama advised that court on July 1, 1930, of the receipt of our judgment affirming that rendered by the said court in a certiorari proceeding

against a municipal assembly, appellant herein. On the following day, there was presented a memorandum of costs which included an item of $1,000 for attorney's fees. The opposing party objected to the memorandum because it had been filed after the expiration of the ten days prescribed by statute, and because the sum claimed as attorney's fees was excessive. Evidence was introduced at the hearing granted to the parties on this matter, and an order was then made approving the memorandum of costs. That order has given rise to the present appeal, which is really based on two grounds, predicated on the two questions above stated, as the third ground assigned is a consequence of the two preceding ones.

Act No. 15, approved November 19, 1917, provides that where an appeal has been taken the delivery to the clerk of the memorandum of costs shall be made within the ten days following that on which the court rendering judgment in the first instance shall have received official advice of the decision rendered on appeal in the last instance. The record before us for deciding this appeal does not show the date on which the certificate of the judgment of affirmance was received by the lower court and, therefore, we are not in a position to state whether at the time of the filing of the memorandum of costs in the present case the statutory period of ten days for filing it had elapsed.

In regard to the contention that the sum claimed and approved for attorney's fees was excessive, it will suffice to say that the record of the certiorari proceedings in which said fees are claimed was submitted to the court below as one of the elements of proof for appraising the work of the attorney; but the contents of such record have not been sent up to us and, lacking knowledge thereof, we are unable to state whether the lower court erred in allowing the said sum as attorney's fees when approving the memorandum of costs.

The order appealed from must be affirmed.